UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　Plaintiff,<br><br>　　　v.<br><br>MARC EDWIN APPLEWHITE,<br><br>　　　Defendant. | Criminal Action No. 08-015 (CKK)<br><br>**FILED**<br><br>JUN 2 5 2008<br><br>NANCY MAYER WHITTINGTON, CLERK<br>U.S. DISTRICT COURT |

**ORDER**
(June 25, 2008)

The matter presently before the Court concerns the above-named Defendant's rights to a speedy trial. On January 30, 2008, Defendant was indicted on one count of violating 18 U.S.C. § 2113(a) (bank robbery). Defendant was arraigned before Magistrate Judge John M. Facciola on June 13, 2008. On June 25, 2008, this Court held a status hearing where the Court and counsel for the Government and Defendants discussed the issue of compliance with the Speedy Trial Act (the "Act"), 18 U.S.C. § 3161. Defendant's counsel made an oral motion for a continuance of the Defendants' Speedy Trial Rights until July 11, 2008, in the interests of justice, because (1) the Government had recently provided Defendant's counsel with discovery, but Defendant's counsel had been unable to discuss the same with his client due to several recent disturbances at the jail where Defendant is located; and (2) the Parties require additional time to discuss possible dispositions of the case prior to trial. At the status hearing, Defendant consented to the continuance, and the Government indicated that it had no objection. For the reasons set forth below, the Court shall grant Defendant's oral motion for a continuance of Defendant

1

(N)

Applewhite's Speedy Trial Rights until July 11, 2008.

The Speedy Trial Act provides that "the trial of a defendant. . . shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, which ever date last occurs." 18 U.S.C. § 3161(c)(1). The Act provides for the exclusion of

> any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

*Id.* § 3161(h)(8)(A). To decide whether to grant a continuance under § 3161(h)(8)(A) (often called an "ends-of-justice" continuance), the Act further requires the judge to consider, *inter alia*, "[w]hether the failure to grant such a continuance . . . would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." *Id.* § 3161(h)(8)(B)(iv). Section 3161(h)(8) thus "gives the district court discretion – within limits and subject to specific procedures – to accommodate limited delays for case-specific needs." *Zedner v. Unites States*, 546 U.S. 489, 126 S. Ct. 1976, 1985 (2006).

Because Defendant was arraigned on June 13, 2008, in order for the above-captioned case to proceed to trial within seventy (70) days, the trial would have to commence by August 22, 2008. *See* 18 U.S.C. § 3161(c)(1) (requiring trial to commence within 70 days). In order for the case to proceed to trial within ninety (90) days, the trial would have to commence by September

2

11, 2008. *See* 18 U.S.C. § 3164(b) (requiring trial of any detained person who is being detained awaiting trial to commence within 90 days). Based on an evaluation of the factors described in 18 U.S.C. §§ 3161(h)(8)(A), and (B)(iv), the Court finds it is appropriate to grant a continuance of Defendant's Speedy Trial Rights until July 11, 2008, the date of the next status hearing, to serve the ends of justice.[1]

Defendant's counsel indicated that he had recently received a discovery packet from the Government, but he had not been able to discuss the discovery with his client because of several disturbances that had recently occurred at the jail. Defendant's counsel further indicated that because he had not spoken with his client about the discovery, he had also not been able to pursue discussions with the Government at any length concerning possible dispositions of the case prior to trial. Accordingly, Defendant's counsel orally moved for a two-week continuance of Defendant's Speedy Trial rights so that he could have additional time for discussions with his client and with the Government. Defendant indicated that he understood his rights and that he consented to the continuance, and the Government indicated that it did not object to the two week continuance. Given counsel's request for additional time, the consent of the Defendant and the Government, the Court finds that failure to grant a continuance would "unreasonably deny . . . counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." *Id.* § 3161(h)(8)(B)(iv).

The Court finds that the requested continuance will also serve the ends of justice because "failure to grant such a continuance . . . would unreasonably deny the defendant . . . continuity of counsel." 18 U.S.C.§ 3161(h)(8)(B)(iv). It is apparent that Defendant's counsel requires

---

[1] The factors described in 18 U.S.C. § 3161(h) apply to both the 70-day and 90-day requirements set forth in 18 U.S.C. § 3161(c)(1) and 3164(b). *See* 18 U.S.C. § 3164(b).

3

additional time to have discussions with his client and to engage in additional discussions with the Government concerning his client. Although Defendant possesses the right to a speedy trial, *see* 18 U.S.C. § 3161, the Supreme Court has also made clear that defendants have the right to counsel of their choosing. *See United States v. Gonzalez-Lopez*, 126 S. Ct. 2557, 2562 (2006) (holding that the Sixth Amendment grants a criminal defendant the right to "be defended by the counsel he believes to be best"). Under such circumstances, the Court concludes that the ends of justice are served by allowing Defendant to continue with the counsel of his choice. *See, e.g. United States v. Moutry*, 46 F.3d 598, 601 (7th Cir. 1995) (district court properly excluded time under the Act based on continuity of counsel, due in part to prosecutor's trial schedule).

The Court also concludes that the ends of justice served by granting a continuance as to Defendant outweigh "the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(8)(A). As the Supreme Court has explained, "the Act was designed not just to benefit defendants but also to serve the public interest by, among other things, reducing defendants' opportunity to commit crimes while on pretrial release and preventing extended pretrial delay from impairing the deterrent effect of punishment." *Zedner v. United States*, 126 S. Ct. at 1985. In the instant case, neither the Government nor Defendant assert that this brief continuance would create any prejudice to any party or the public. For the reasons set forth above, the Court concludes that granting a continuance as to Defendant's Speedy Trial Rights until July 11, 2008, is appropriate pursuant to 18 U.S.C. § 3161(h)(8).

Accordingly, it is, this 25th day of June, 2008, hereby

**ORDERED** that Defendant's oral motion for a continuance of the Defendant's Speedy Trial Rights shall be granted; and it is further

**ORDERED** that the Court shall grant a continuance of Defendant Applewhite's Speedy

Trial Rights until July 11, 2008, resulting in a delay that shall be excluded from computing the time within which trial must start.

**SO ORDERED.**

Date: June 25, 2008

_____/s/_____<br>
COLLEEN KOLLAR-KOTELLY<br>
United States District Judge